BRIAN P. FUNK ESQ.
CSB NO. 110462
964 Fifth Avenue #214
San Diego, CA 92101
(6l9) 233-4076

Attorney for Defendant,

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | Crim No. 08CR0511-BEN |
| ) | |
| Plaintiff, ) | **POINTS AND AUTHORITIES** |
| ) | |
| ) | **Compel Discovery** |
| vs. ) | |
| ) | |
| MICHAEL S. TRACEY-(06) ) | |
| ) | DATE : 04-21-08 |
| Defendant. ) | TIME: 2:00 pm |

**I**
**MOTION FOR DISCOVERY**

MICHAEL S. TRACEY-(06)   hereby requests discovery **and preservation** of the following items pursuant to the Fifth and Sixth Amendments to the U.S. Constitution, Rule 16 of the Federal Rules of Criminal Procedure, and Brady v. Maryland, 373 U.S. 83 (1963).  As of this date MICHAEL S. TRACEY-(06)   has  received 66 pages of discovery in the above case,
  The items which  MICHAEL S. TRACEY-(06)     requests are set forth as follows:

**1. All reports** by government agents generated as a result of this case including, but not limited to, crime reports, "tips", arrest reports, search warrants, and affidavits in support of search warrants.

1

1  MICHAEL S. TRACEY-(06)    specifically requests all documents and reports concerning this
2 prosecution, including but not limited to all reports generated during this investigation, " TECS"
3 records, tapes, prior criminal records , all records of any medical condition of either defendant OR
4 witnesses.

6  **2. A list of all witnesses** the government intends to call during its case-in-chief, including
7 telephone numbers of the witnesses and their present whereabouts.
8    Although a defendant in a criminal case does not have the right to demand a list of witnesses, a
9 federal district court possesses, in the exercise of its inherent power to promote the proper
10 administration of justice, the authority to require the government to disclose a list of witnesses to be
11 called at trial.  United States v. Leichtfuss, 331 F.Supp. 723 (N.D. Ill. 1971).  In Leichtfuss, the
12 district court ordered the government to provide defense counsel with a list of government witnesses
13 thirty days prior to trial.  In the instant case, disclosure of the names and addresses of government
14 witnesses would facilitate prompt and effective cross-examination and foster stipulations to some
15 testimony.  Production of the government's witness list would also enable this Court to determine
16 the approximate length of the trial.

18  **3. All statements** made by  MICHAEL S. TRACEY-(06), co-defendants   or witnesses.
19     This item calls for discovery of  all statements made by  MICHAEL S. TRACEY-(06)   ,
20 any Witness. , including the original of the alleged witness statements , all notes and rough notes
21 whether oral, written or recorded, which are in the possession, custody or control of the government
22 or which, by the exercise of due diligence, may become available to the government which have not
23 already been produced by the government.  Rule 16(a)(1)(A) clearly authorizes production of such
24 discovery.
25       This item calls for discovery of all statements of defendant, regardless to whom the statement
26 was made.  It also calls for handwritten notes taken by or at the request of government agents
27 concerning such statements. By the very terms of Rule 16(a)(1)(A), the defendant has the absolute

right to inspect and copy written or recorded statements made by him to "government agents." The term "government agents" includes employees and agents in the established legal sense of the customs or the INS and all those acting in concert with them. This rule has been interpreted to mandate discovery of the written summary of a defendant's oral statements contained in the handwritten notes of a government agent. <u>Loux v. United States</u>, 389 F.2d 911 (9th Cir. 1968). If the statement of the defendant is summarized in the notes of the U.S. Attorney, it is still discoverable pursuant to Rule 16(a)(1)(A) and is not shielded by the Work Product Rule.

**4.     All books, papers, documents, photographs, tape recordings, video tapes, and tangible objects** which are presently in the possession, custody, or control of the government and which are material to the preparation of the defense of defendant or intended for use as evidence by the government in its case-in-chief.

Rule 16(a)(1)(C) provides authority for production of documents called for in item # 4. In <u>United States v. Countryside Farms, Inc.</u>, 428 F. Supp. 1150 (D. Utah 1977), the court made an interpretation as to what is included in the meaning of Rule 16(a)(1)(C) and concluded "... documents which will be relied on or referred to in any way by any witnesses called by the government during its case-in-chief" are to be produced. Thus all documents and reports which may be relied upon or referred to in any way by any witness are discoverable under Rule 16(a)(1)(C).

**5.     Government files and records concerning witnesses**.

The defense requests disclosure of any and all personnel files for persons to be called as government witnesses, informants in this case, and the defendant, together with the existence of any and all federal, state, and local government files for these individuals. Included in this request is identification of all official or unofficial internal affairs or public integrity investigation files relating to or connected with each witness who was, or is, a law enforcement officer.

The defense is entitled to have access to government files in order to ascertain whether there is information within such files which could be of an impeaching nature with regard to each witness to be called, including lay witnesses and government agents. <u>United States v. Deutsch</u>, 475 F.2d 55

(5th Cir. 1973). In <u>United States v. Morell</u>, 524 F.2d 550 (2nd Cir. 1975), the Second Circuit held that defense counsel were entitled to impeachment information in the confidential file of an informant witness.

Personnel files, internal investigation files, state and local government files all should be disclosed to the defense with regard to each witness to be called for the government, including law enforcement agents, all informants, and the defendant. If the government resists production of these documents, then each file should be specifically identified so that the appropriate motions or legal process can be addressed to them prior to the time of trial.

6.    **RULE 12 (D)( 2)**  Notice of all evidence which the government intends to use in its case-in-chief which may arguably be subject to a pre-trial motion to suppress.

The above requested discovery should be promptly disclosed to the defense to avoid delay at the time of trial and to allow an opportunity to evaluate, and possibly conduct further investigation if such statements establish that this is necessary and to allow the defense to adequately prepare for cross-examination of government witnesses. <u>See</u>, Fed. R. Evid.  801(d)(1)(A).

Under <u>United States v. Miller</u>, 771 F.2d 1219, 1232 (9th Cir. 1985); <u>United States v. Dupuy</u>, 760 F.2d 1492, 1502 (9th Cir. 1985); <u>United States v. Harris</u>, 543 F.2d 1247 (9th Cir. 1976), and Fed. R. Crim. P. 12(I),   also moves the court to order the government to produce, <u>in camera</u> if required, any raw notes made by the assistant United States attorney and/or investigative officers of all witness interviews.  Should the government be unable to comply because of the destruction of such notes, this could be grounds for sanctions such as dismissal of the indictment or striking of the testimony of any witness to whom such notes relate. <u>United States v. Harris</u>, <u>supra</u>, 543 F.2d at 1251-1252; <u>United States v. Johnson</u>, 521 F.2d 1318 (9th Cir. 1975); <u>United States v. Well</u>, 572 F.2d 1383 (9th Cir. 1978).

**7. EXPERT WITNESSES - Fed. R. Crim. P. 16(a)(1)(E)**

MICHAEL S.  TRACEY-(06)     requests disclosure of the identity of any expert witnesses whom the United States intends to use. Pursuant to Fed. R. Crim. P. 16(a)(1)(E), a written summary

of the opinions and the bases therefore, as well as the witness' qualifications, is requested.

The defense also requests that this Court make a continuing discovery order and that the government be compelled to produce materials responsive to items contained in this motion as they become available.
.

## CONCLUSION

For all the foregoing reasons, counsel for   MICHAEL S. TRACEY-(06)   requests that this court grant motion to compel discovery.

Dated: April 8, 2008

                          Respectfully submitted,

                          S/a Brian P. Funk

                          Attorney for Defendant
                          MICHAEL S. TRACEY-(06)