KAREN P. HEWITT
United States Attorney
TIMOTHY F. SALEL
Assistant United States Attorney
California Bar No. 163597
880 Front Street, Room 6293
San Diego, California 92101-8893
Telephone: (619) 557-6074
Facsimile: (619) 557-3445
E-mail: timothy.salel@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,  <br>Plaintiff,  <br>v.  <br>MICHAEL SHAUN TRACY (6),  <br>Defendant. | Criminal Case No. 08CR0511-BEN  <br><br>DATE: April 21, 2008  <br>TIME: 2:00 p.m.  <br><br>GOVERNMENT'S RESPONSE AND OPPOSITION TO DEFENDANT'S MOTIONS TO:  <br>(1) COMPEL DISCOVERY; AND  <br>(2) PRESERVE EVIDENCE.  <br>TOGETHER WITH STATEMENT OF FACTS, MEMORANDUM OF POINTS AND AUTHORITIES AND THE GOVERNMENT'S MOTIONS TO:  <br>(1) COMPEL PRODUCTION OF RECIPROCAL DISCOVERY |

COMES NOW the plaintiff, UNITED STATES OF AMERICA, by and through its counsel, Karen P. Hewitt, United States Attorney, and Timothy F. Salel, Assistant United States Attorney, and hereby files its response and opposition to motion to compel discovery and to grant leave to file further motions filed on behalf of defendant MICHAEL SHAUN TRACY.

As discussed further, the Government will comply with all discovery obligations -- including those governed by Rule 16 of the Federal Rules of Criminal Procedure, the Jencks Act (18 U.S.C. § 3500), and <u>Brady v. Maryland</u>, 373 U.S. 83 (1963) -- and anticipates that most, if not all, discovery issues can be resolved amicably and informally. The Government requests reciprocal discovery from Defendant.

# I

## STATEMENT OF FACTS

On February 22, 2007, Defendant MICHAEL SHAUN TRACY was indicted by a federal grand jury and charged in Criminal Case No. 08CR0511-BEN with conspiracy to distribute hydrocodone bitartrate and oxycodone in violation of 21 U.S.C. §§ 841(a)(1) and 846. Defendant pled not guilty to all charges in the Indictment and the Government is in the process of complying with its discovery obligations in this case and other related cases.

# II

## DISCUSSION

**A.  The Government Will Comply With All Discovery Obligations**

**(1)  Reports**

The Government will provide all relevant reports, search warrants, and affidavits in support of search warrants as required by Rule[1] 16 of the Federal Rule of Criminal Procedure or any other discovery obligation.

**(2)  List of Witnesses**

The Government will provide Defendant with the reports containing the names of the agents involved in the apprehension of Defendant as well as the complete name of their agency and local post of duty. The Government strenuously objects to providing the home addresses or the home or personal cellular telephone numbers to Defendant. In non-capital cases, the Government is not even required to disclose the names of its witnesses prior to trial. United States v. Dishner, 974 F.2d 1502, 1522 (9th Cir 1992); (citing United States v. Steel, 759 F.2d 706, 709 (9th Cir. 1985)); United States v. Hicks, 103 F.23d 837, 841 (9th Cir. 1996); see also United States v. Bejasa, 904 F.2d 137 (2d Cir. 1990)(United States did not improperly deny defendant access to government witnesses whose telephone numbers and addresses the government refused to provide because defendant knew the identities of the government witnesses and presumably knew their telephone numbers or could have contacted them through the

---

[1] Unless otherwise noted, all references to "Rules" refers to the Federal Rules of Criminal Procedure.

exercise of due diligence) .  Nevertheless, in its trial memorandum, the Government will provide Defendant with a list of all witnesses whom it intends to call in its case-in-chief, although delivery of such a witness list is not required.  See United States v. Discher, 960 F.2d 870 (9th Cir. 1992); United States v. Mills, 810 F.2d 907, 910 (9th Cir. 1987).

### (3) **Statements**

The Government recognizes its obligation under Rules[2] 16(a)(1)(A) and 16(a)(1)(B) to provide to Defendant the substance of Defendant's oral statements and Defendant's written statements.  This includes all recorded statements made by Defendant.  If the Government discovers additional oral or written statements that require disclosure under Rule 16(a)(1)(A) or Rule 16(a)(1)(B), such statements will be promptly provided to Defendant.  The Government has no objection to the preservation of any handwritten notes taken by any of the agents.  See United States v. Harris, 543 F.2d 1247, 1253 (9th Cir. 1976) (agents must preserve their notes of interviews of an accused or prospective government witnesses).  However, the Government objects to providing Defendant with a copy of any rough notes at this time.  Rule 16(a)(1)(A) does not require disclosure of rough notes where the content of those notes have been accurately reflected in a type-written report.  See United States v. Brown, 303 F.3d 582, 590 (5th Cir. 2002); United States v. Coe, 220 F.3d 573, 583 (7th Cir. 2000) (Rule 16(a)(1)(A) does not require disclosure of an agent's notes even where there are "minor discrepancies" between the notes and a report).  The Government is not required to produce rough notes pursuant to the Jencks Act, because the notes do not constitute "statements" (as defined 18 U.S.C. § 3500(e)) unless the notes (1) comprise both a substantially verbatim narrative of a witness' assertion, and (2) have been approved or adopted by the witness.  United States v. Spencer, 618 F.2d 605, 606-07 (9th Cir. 1980).  It is unclear whether any rough notes in this case constitute "statements" in accordance with the Jencks Act.  See United States v. Ramirez, 954 F.2d 1035, 1038-39 (5th Cir. 1992) (rough notes were not statements under the Jencks Act where notes were scattered and all the information contained in the notes was available in other forms).  Any notes would not be Brady material if the notes do not present any material exculpatory information, or any evidence favorable to Defendant that is material to guilt or punishment.

---

[2]  Unless otherwise noted, all references to "Rules" refers to the Federal Rules of Criminal Procedure.

1  Brown, 303 F.3d at 595-96 (rough notes were not Brady material because the notes were neither
2  favorable to the defense nor material to defendant's guilt or punishment); United States v. Ramos, 27
3  F.3d 65, 71 (3d Cir. 1994) (mere speculation that agents' rough notes contained Brady evidence was
4  insufficient). If the Government determines that the rough notes are discoverable under Rule 16, the
5  Jencks Act, or Brady, the rough notes will be provided to Defendant.

6                    **(4)     Documents and Objects**

7       The Government will comply with Rule 16(a)(1)(E) in providing copies and/or allowing
8  Defendant an opportunity, upon reasonable notice, to examine, inspect, and copy books, papers,
9  documents, photographs, tape recordings, videotapes, and tangible objects that are within its possession,
10 custody, or control, and that are either material to the preparation of Defendant's defense, or is intended
11 for use by the United States as evidence during its case-in-chief at trial, or was obtained from or belongs
12 to Defendant. The Government need not, however, produce rebuttal evidence in advance of trial.
13 United States v. Givens, 767 F.2d 574, 584 (9th Cir. 1984).

14                   **(5)     Government Files and Records Concerning Witnesses**

15      The Government will comply with United States v. Henthorn, 931 F.2d 29 (9th Cir. 1991) and
16 request that all federal agencies involved in the criminal investigation and prosecution review the
17 personnel files of the federal law enforcement inspectors, officers, and special agents whom the United
18 States intends to call at trial and disclose information favorable to the defense that meets the appropriate
19 standard of materiality. United States v. Booth, 309 F.3d 566, 574 (9th Cir. 2002)(citing United States
20 v. Jennings, 960 F.2d 1488, 1489 (9th Cir. 1992). If the undersigned Assistant U.S. Attorney is
21 uncertain whether certain incriminating information in the personnel files is "material," the information
22 will be submitted to the Court for an in camera inspection and review. Defendant is not entitled to any
23 evidence that a prospective witness is under criminal investigation by federal, state, or local authorities.
24 The Government is under no obligation to turn over the criminal records or rap sheet of its potential
25 witnesses. United States v. Taylor, 542 F.2d 1023, 1026 (8th Cir. 1976). The Government will,
26 however, provide the conviction record, if any, which could be used to impeach witnesses the
27 Government intends to call in its case-in-chief.
28

**(6)    Evidence To Be Introduced in its Case-in-Chief**

In its trial memorandum, the Government will provide defendant with a non-exhaustive list of evidence that it intends to introduce in its case-in-chief. The Government will comply with Rule 16(a)(1)(E)(ii) and allow defendant to inspect and copy items to be introduced in its case-in-chief.

**(7)    Expert Witness**

The Government will comply with Rule 16(a)(1)(G) and provide Defendant with a written summary of any expert testimony that the Government intends to use under Rules 702, 703, or 705 of the Federal Rules of Evidence during its case-in-chief at trial. This shall include the expert witnesses' qualifications, the expert witnesses opinions, the bases and reasons for those opinions.

**III**

**GOVERNMENT'S MOTION TO COMPEL RECIPROCAL DISCOVERY**

**A.    All Evidence That Defendant Intends To Introduce In His Case-In-Chief**

Since the Government will honor Defendant's requests for disclosure under Rule 16(a)(1)(E), the Government is entitled to reciprocal discovery under Rule 16(b)(1). Pursuant to Rule 16(b)(1), requests that Defendant permit the Government to inspect, copy and photograph any and all books, papers, documents, photographs, tangible objects, or make copies or portions thereof, which are within the possession, custody, or control of Defendant and which Defendant intends to introduce as evidence in his case-in-chief at trial.

The Government further requests that it be permitted to inspect and copy or photograph any results or reports of physical or mental examinations and of scientific tests or experiments made in connection with this case, which are in the possession and control of Defendant, which he intends to introduce as evidence-in-chief at the trial, or which were prepared by a witness whom he intends to call as a witness. The Government also requests that the Court make such order as it deems necessary under Rules 16(d)(1) and (2) to ensure that the Government receives the reciprocal discovery to which it is entitled.

**B.    Reciprocal Jencks – Statements By Defense Witnesses**

Rule 26.2 provides for the reciprocal production of Jencks material. Rule 26.2 requires production of the prior statements of all witnesses, except a statement made by a defendant. The time

frame established by Rule 26.2 requires the statements to be provided to the Government after the witness has testified. However, to expedite trial proceedings, the Government hereby requests that Defendant be ordered to provide all prior statements of defense witnesses by a reasonable date before trial to be set by the Court. Such an order should include any form in which these statements are memorialized, including but not limited to, tape recordings, handwritten or typed notes and reports.

## IV

## CONCLUSION

For the reasons stated herein, the Government respectfully requests that this Court deny Defendant's motions to compel production of discovery and grant leave to file further motions, except where unopposed, and grant the Government's motion to compel production of reciprocal discovery.

Dated: April 14, 2008     Respectfully submitted,

KAREN P. HEWITT
United States Attorney

*/s/ TIMOTHY F. SALEL*
TIMOTHY F. SALEL
Assistant U.S. Attorney

|   |   |
|---|---|
| | UNITED STATES DISTRICT COURT |
| | SOUTHERN DISTRICT OF CALIFORNIA |

UNITED STATES OF AMERICA,            )     Case No. 08CR0511-BEN
                                     )
          Plaintiff,                 )
                                     )
     v.                              )     CERTIFICATE OF SERVICE
                                     )
MICHAEL SHAUN TRACY (6),              )
                                     )
          Defendants.                )
                                     )

IT IS HEREBY CERTIFIED that:

I, Timothy F. Salel, am a citizen of the United States over the age of 18 years and a resident of San Diego County, CA; my business address is 880 Front Street, San Diego, CA 92101-8893; I am not a party to the above-entitled action.

I have caused service of **Government's Response and Opposition To Defendant's Motions To Compel Production of Discovery, To Grant Leave To File Further Motions, and the Government's Motion To Compel Production of Reciprocal Discovery**, on the following party, by electronically filing the foregoing with the Clerk of the District Court using its ECF System, which electronically notifies the following parties at the following e-mail addresses:

Brian P. Funk, Esq. at bfunkesq@cs.com and bfunkesq@sbcglobal.net

I declare under penalty of perjury that the foregoing is true and correct.

Executed: April 14, 2008          /s/ *TIMOTHY F. SALEL*
                                  TIMOTHY F. SALEL
                                  Assistant U.S. Attorney
                                  E-mail: timothy.salel@usdoj.gov

08CR0511-BEN